# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 6, 2022

```
* * * * * * * * * * * * * * * * * *
RAYMOND B. NEWELL,                  *        UNPUBLISHED
                                    *
            Petitioner,             *        No. 21-1698V
                                    *
v.                                  *        Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *        Petitioner's Motion for a Decision
AND HUMAN SERVICES,                 *        Dismissing His Petition; Influenza ("Flu")
                                    *        Vaccine; Guillain-Barré Syndrome ("GBS").
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * *
```

Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
Mitchell Jones, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 13, 2021, Raymond B. Newell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza ("flu") vaccine administered on November 8, 2018, he suffered injuries including Guillain-Barré Syndrome ("GBS"). Petition (ECF No. 1). The information in the record, however, does not show that Petitioner is entitled to an award under the Program.

On October 6, 2022, Petitioner moved for a decision dismissing his case, stating that "Petitioner understands that it would be unlikely that he will be able to establish entitlement in the Vaccine Program under its guidelines. In these circumstances, it would be unreasonable to

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

proceed any further, and may waste the resources of the Court, the Respondent, and the Vaccine Program." Petitioner's Motion for Decision Dismissing his Petition, filed Oct. 6, 2022, at ¶¶ 1-2 (ECF No. 39). "Petitioner understands that a Decision by the Special Master dismissing his Petition will result in a Judgment against him. He has been advised that such judgment will end all of his rights in the Vaccine Program." Id. at ¶ 3. "Petitioner does intend to protect his rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. §300aa-21(a)(2), he intends to reject the Vaccine Program Judgment against him and elect to file a civil action.." Id. at ¶ 8.

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination. See §§ 11(c)(1), 13(a)(1)(A). The records submitted by Petitioner show that he does not meet the statutory requirement under § 11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of Petitioner's motion and a review of the record, the undersigned finds that Petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
